UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SUL4R-PLUS KENTUCKY, LLC<br><br>Plaintiff,<br><br>v.<br><br>FEECO INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:25-CV-124-GNS |

**COMPLAINT FOR DECLARATORY JUDGEMENT**

Plaintiff SUL4R-PLUS Kentucky, LLC ("**SUL4R-PLUS**" or "**Plaintiff**"), brings this action pursuant to 28 U.S.C. §§ 2201–02, for a declaratory judgment against Defendant FEECO International, Inc. ("**FEECO**" or "**Defendant**"), and alleges as follows:

**THE PARTIES**

1. Plaintiff SUL4R-PLUS Kentucky, LLC, is a Kentucky limited liability company with its principal place of business at 14660 Dixie Hwy, Louisville, Kentucky 40272.

2. Upon information and belief, Defendant FEECO International, Inc. is a Wisconsin corporation with its principal place of business at 3913 Algoma Rd, Green Bay, Wisconsin 54311.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court may enter the declaratory relief sought because this case presents an actual controversy and is within this Court's jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

6.      This Court has personal jurisdiction over FEECO consistent with the principles underlying the U.S. Constitution, Federal Circuit precedent, and KRS 454.210 (the "**KY Long Arm Statute**").

7.      In cases arising under patent law, such as this case, the court must apply Federal Circuit law to determine personal jurisdiction. The Federal Circuit first examines the reach of the forum state's long arm statute and then determines whether the assertion of personal jurisdiction would violate due process.

8.      Kentucky courts determine long-arm jurisdiction over a non-resident defendant by first assessing whether the defendant's conduct falls under a provision of the KY Long Arm Statute. If so, the court then evaluates whether jurisdiction meets federal due process requirements. The KY Long Arm Statute provides that:

> A court may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States, including but not limited to the person's: (a) Transacting any business in this Commonwealth; [or] (b) Contracting to supply services or goods in this Commonwealth…

KRS 454.210

9.      This Court has personal jurisdiction over FEECO under the KY Long Arm Statute because FEECO has transacted business in this Commonwealth and District, including providing

equipment and commissioning services to Charah, Inc.[1] ("**Charah**") in this State and District in connection with the commercialization of the inventions disclosed and claimed in U.S. Patent Nos. 9,873,638 ("**the '638 Patent**") and 9,919,977 ("**the '977 Patent**) (together, the "**SUL4R-PLUS Patents**") that are the subject of this action.

10. On February 4, 2025, FEECO sent correspondence to SUL4R-PLUS into this Commonwealth and District asserting claims of co-ownership and inventorship in the SUL4R-PLUS Patents.

11. Upon information and belief, FEECO has continuously and systematically transacted business in this Commonwealth and District by selling, offering for sale, distributing, and/or advertising goods and services and otherwise engaging in business activities related to the provision of process design and development services, sample generation, feasibility studies, and manufacturing in various industries in Kentucky.

12. On information and belief, FEECO purposefully directed activities at Kentucky, and this action arises out of those activities.

13. The exercise of personal jurisdiction over FEECO by this Court comports with due process because FEECO's contacts with Kentucky are such that the maintenance of this action does not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

14. This is an action for declaratory judgment seeking a declaration that the named inventors on the SUL4R-PLUS Patents, U.S. Patent Nos. 9,873,638 and 9,919,977, are the only true inventors of the SUL4R-PLUS Patents.

---

[1] Effective December 28, 2016, Charah, Inc. converted from a Kentucky corporation to a Kentucky limited liability company and changed names from "Charah, Inc." to "Charah, LLC".

15. SUL4R-PLUS is a fertilizer manufacturer that develops innovative agricultural products including patented granular calcium sulfate that is engineered to improve crop yield.

16. Charah is Sul4r-Plus's predecessor-in-interest.

17. FEECO is a provider of material processing services and equipment.

18. The '638 Patent is titled "Synthetic gypsum fertilizer product and method of making," and issued on January 23, 2018, from an application filed August 8, 2013. The '977 Patent is titled "Synthetic gypsum fertilizer product and method of making," and issued on March 20, 2018, from an application filed on July 29, 2016. Both of the SUL4R-PLUS Patents claim priority to U.S. Provisional Patent Application No. 61/681,088 filed on August 8, 2012.

19. The SUL4R-PLUS Patents name two (2) inventors: Terrell Dallas Ginn ("**Ginn**") and Danny Lynn Gray ("**Gray**") (collectively, the "**Inventors**"). At the time of conception of the inventions that are disclosed and claimed in the SUL4R-PLUS Patents, Gray was an employee of Charah and Ginn was an independent contractor.

20. On August 8, 2013, both Gray and Ginn executed an Assignment – Worldwide, assigning their entire right, title and interest in the '638 Patent and the '977 Patent to Charah, which Assignment was recorded in the U.S. Patent and Trademark Office ("**USPTO**") on December 5, 2013, and August 1, 2016, respectively.

21. On June 20, 2017, Charah executed a Patent Assignment, assigning its entire right, title and interest in and to the SUL4R-PLUS Patents to SUL4R-PLUS[2], which Assignment was recorded in the USPTO on June 21, 2017.

---

[2] On November 16, 2018, SUL4R-PLUS, LLC changed its name to SUL4R-PLUS Kentucky, LLC.

22. The Inventors conceived of the inventions disclosed and claimed in the SUL4R-PLUS Patents to satisfy a need expressed by a utility customer of Charah to find a beneficial use for synthetic gypsum produced during the process of generating electricity.

23. Prior to Charah and FEECO having any discussions regarding pelletizing synthetic gypsum, the Inventors performed extensive research and development work in connection with the inventions, including reducing the inventions to practice by drying, mixing, pelletizing and testing actual samples of pelletized synthetic gypsum with a lignosulfonate binder using equipment and facilities provided by Mars Minerals.

24. On April 30, 2012, Charah and FEECO entered into a Mutual Confidentiality Agreement (the "**NDA**") in anticipation of "engag[ing] in discussions and, possibly, a commercial relationship involving Charah's pelletizing synthetic gypsum."

25. On June 18, 2012, Charah signed a quote from FEECO, agreeing to purchase certain equipment from FEECO for a plant that Charah was constructing in Kentucky. The equipment was subsequently delivered to Charah's Kentucky facility.

26. Charah and FEECO representatives met from July 9, 2012 – July 11, 2012, to continue negotiating the scope of FEECO's involvement in provisioning equipment for Charah's Kentucky facility and, during these meetings, FEECO was advised by Charah that FEECO's involvement in the project would be limited to the mixing and pelletizing equipment for the plant and would not include the drying equipment, which Charah procured separately.

27. On July 11, 2012, FEECO's representative Chris Kozicki admitted to Charah's representatives that FEECO had no prior experience with synthetic gypsum before being approached by Charah as a possible equipment supplier.

28. FEECO supplied equipment and commissioning services to Charah at Charah's Kentucky facility at the LG&E Mill Creek Generating Station, which facility is located in this State and District.

29. Neither FEECO nor any of its employees contributed to the conception of the inventions claimed in the SUL4R-PLUS Patents.

30. SUL4R-PLUS recently considered purchasing additional equipment from FEECO for a new synthetic gypsum pelletizing plant in Illinois. Ultimately, SUL4R-PLUS decided to purchase the equipment from another supplier, Mars Minerals.

31. On January 23, 2025, the president of FEECO, Brian Madigan ("**Madigan**"), sent an email to the president and CEO of SUL4R-PLUS, Terry R. Gill ("**Gill**"), in which Madigan asserted his belief that "there has been a breach of confidentiality and inappropriate use of intellectual property by Charah, Inc. who was the applicant for at least two patents now assigned to SUL4R-PLUS."

32. On February 4, 2025, Gill sent an email to Madigan, explaining that SUL4R-PLUS disputes that any information contained in the SUL4R-PLUS Patents was proprietary information of FEECO.

33. On February 14, 2025, Madigan emailed Gill again, alleging that:

   a. "[d]etails from your patents nearly perfectly align with the information transmitted from FEECO International to Charah";

   b. "[c]ertain details of your patents were falsely claimed as original to Charah. For these patents to hold water, FEECO should have been given credit and listed as a co-applicant and inventor. Terrell Dallas Ginn and Danny Lynn Gray, [k]new exactly what they were doing when filing these patents";

  c. "[n]ot only did Charah misappropriate FEECO Intellectual property, it took that IP and shared it with a known competitor (Mars Minerals) and then proceeded to patent what was taught to them."

34. In the email dated February 14, 2025, Madigan also threatened litigation, writing: "[b]ased on your response this matter is now being escalated, and we are having our legal counsel review the details and all options to remedy the misappropriation and violation of FEECO International intellectual property."

35. SUL4R-PLUS disputes Madigan's assertions and maintains that the only true inventors are the inventors originally named in the SUL4R-PLUS Patents, Terrell Dallas Ginn and Danny Lynn Gray.

## CLAIM FOR DECLARATORY JUDGMENT

36. SUL4R-PLUS incorporates paragraphs 1 through 35 of this Complaint by reference as if set forth fully herein.

37. An actual controversy exists between SUL4R-PLUS and FEECO with respect to the '685 Patent and the '977 Patent in that SUL4R-PLUS contends, and FEECO denies, that Danny Lynn Gray and Terrell Dallas Ginn are the only true inventors of the SUL4R-PLUS Patents.

38. SUL4R-PLUS is entitled to a declaration that the only true inventors are the inventors originally named in the SUL4R-PLUS Patents.

## PRAYER FOR RELIEF

WHEREFORE, SUL4R-PLUS respectfully prays the Court to enter a judgment:

A. Declaring that Danny Lynn Gray and Terrell Dallas Ginn are the only true inventors of the '685 Patent and the '977 Patent;

B.   Granting SUL4R-PLUS its costs and awarding SUL4R-PLUS its reasonable attorney's fees and other litigation expenses, together with such further and equitable relief as the Court may deem just and proper.

Dated:  February 28, 2025

Respectfully submitted,

*s/ Russell B. Morgan*

Russell B. Morgan (No. 85355)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel: (615) 252-2311
Fax: (615) 252-6311
rmorgan@bradley.com

*Attorneys for Plaintiff*